*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

FAEZ MONA and DEBORAH MONA,

        Plaintiffs-Appellees,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellant,

and

MICHIGAN ASSIGNED CLAIMS PLAN,
MICHIGAN AUTO INSURANCE PLACEMENT
FACILITY, and PROGRESSIVE MARATHON
INSURANCE COMPANY,

        Defendants.

UNPUBLISHED
October 19, 2023

No. 364662
Wayne Circuit Court
LC No. 20-004273-NF

Before:  MURRAY, P.J., and O'BRIEN and SWARTZLE, JJ.

MURRAY, P.J. (*concurring*).

The majority correctly concludes that the trial court's order must be reversed because, although the parties reached an agreement to arbitrate, the agreement did not contain the material aspects of how arbitration would be conducted.  I write separately, however, because there also appears to be a jurisdictional problem with defendant's appeal.

MCR 3.602(N) provides that appeals "may be taken as from orders or judgments in other civil actions."  Pursuant to MCR 7.203(A)(1), this Court has jurisdiction of an appeal of right from a final order of the circuit court "as defined in MCR 7.202(6)[.]"  MCR 7.202(6)(a)(*i*) defines the general final order in a civil case as the "first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order[.]"  Here, the stipulated order of October 28, 2022, dismissed the case to pursue arbitration, but also specified that the circuit court was "retaining jurisdiction"

to enforce the agreement and any subsequent arbitration award. Our Court has previously held that an order sending a matter to arbitration while retaining jurisdiction to enforce the award, is not a final order appealable by right. *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009). See also *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 148 n 1; 742 NW2d 409 (2007) (concluding that an order sending the case to arbitration was a final order because the court did not retain jurisdiction to enforce the award or enter judgment on the award).

The January 4, 2023 order was also not a final order. That order merely enforced what the court determined were the terms of the arbitration agreement. *Id*. Although the court did not state it was retaining jurisdiction to enforce any award, that it did so is only logical in light of the terms of the October order, which the circuit court was acting under when enforcing the terms of the arbitration agreement. Thus, neither of these orders were the "first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties," MCR 7.202(6)(a)(*i*), and there is no jurisdiction to resolve this dispute. However, because plaintiff did not file a motion to dismiss in order to resolve this issue sooner, and because we have previously treated claims of appeal as applications to efficiently resolve the matter on the merits, see *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 61-62; 807 NW2d 354 (2011) and *Detroit v Michigan*, 262 Mich App 542, 545-546; 686 NW2d 514 (2004), I would do so now to ensure the efficient administration of justice.

/s/ Christopher M. Murray